| 36 | 487 |
| 54 | 170 |
| 36 | 487 |
| 57 | 401 |

## DANIEL, COLLECTOR, v. ASKEW.

COUNTY SCRIP: *Statute of limitations.*

The county collector can not refuse to take county scrip for taxes because barred by the statute of limitations, nor plead the statute bar to a petition for mandamus to compel him to take it.

APPEAL from *Columbia* Circuit Court.
Hon. J. K. YOUNG, Circuit Judge.

Daniel, Collector, v. Askew.

*U. M. Rose*, for appellant:

The warrants are equivalent to promissory notes, payable on demand.    15 *N. Y.*, 337; 23 *ib.*, 570, and statute of limitation runs from date.    *Byles on Bills (Sharswood ed.)*, 342; 13 *Pick.*, 418; 13 *Wend.*, 267; 1 *Mo.*, 662; 12 *N. J. Law* (7 *Halst.*), 247; 50 *Barb.*, 334.    No exception in favor of a public corporation.    33 *Iowa*, 151; 4 *Texas*, 470; 20 *Wall.*, 583.

Holder could recover only their value in confederate money when issued.    8 *Wall.*, 1; 1 *Otto*, 3.    Petitioner not *bona fide* holder for value.    *Dillon on Municipal Corporations*, sec. 406; 4 *Dillon*, 209.

*B. F. Askew, Smoote & McRae*, for appellees:

There is no suit against the county.    The warrants are tendered under provisions of a statute which does not limit the time.    *Gantt's Digest, secs.* 610, 1039, 4136; *State use, etc., v. Rives*, 12 *Ark.*, 721.

On the question of confederate money.    Cited *Roane v. Green*, 24 *Ark.*, 210; 25 *Ark.*, 247.

Acts of the court issuing the scrip, binding.    *Filkins v. Hawkins*, 21 *Ark.*, 289; 29 *ib.*, 414; 30 *ib.*, 198.

ENGLISH, C. J.    On the fourth of March, 1879, Benj. F. Askew presented to the judge of the ninth judicial circuit, in vacation, a petition for mandamus, to compel Zadock L. Daniel, collector of Columbia county, to receive county warrants issued on the twenty-third of July, 1862, in payment of county taxes assessed and levied upon his real and personal property for the year 1878.    The judge ordered an alternative writ to be issued, returnable the first Monday of April following.

At the return term of the Columbia circuit court, Dan-

iel answered the petition, the plaintiff demurred to the answer, the court sustained the demurrer, ordered a peremptory writ of mandamus, and Daniel appealed.

I. There were two defenses set up in appellant's answer, the first of which was the statute of limitation of five years.

The petition alleges that the appellee paid all the taxes charged upon his real and personal property for the year 1878, upon the tax-book in the hands of the collector, except the county taxes, amounting to $65.27, which was payable in county scrip of Columbia county, and that he tendered to the collector the two warrants made exhibits to the petition, in payment thereof, which were refused.

The warrants are alike, except in amount, and one of them follows:

"No. 499. County scrip. $50. State of Arkansas, Columbia county. The treasurer of the county of Columbia: Pay to T. A. McAlister, or bearer, fifty dollars, out of any money in the treasury appropriated for county purposes. Given at Magnolia this twenty-third day of July, 1862.

"DAVE DIXON, *Clerk.*"

Indorsed: "Not paid for want of funds. April 20, 1863.

"SAM'L S. PARKER, *Treasurer.*"

Whether, if an ordinary action were brought upon these warrants against the county of Columbia, in any court where suits upon such paper are allowed, the cause of action would be barred by the general statute of limitation of five years, is not a question presented in this case.

The question here is, was the collector legally obliged to receive these warrants in payment of county taxes at the time they were tendered? If so, he was properly ordered to do so by the mandamus.

The statute under which the warrants were issued, provided two modes for their payment:

First. They were made payable out of any money in the county treasury not otherwise appropriated, etc. (*Gould's Digest, chap. 147, sec. 51; Gantt's Digest, sec. 610*), in the order of their number and date. *Gould's Digest, chap. 147, sec. 55.*

Second. They were made receivable in payment of all taxes and debts accruing to the county irrespective of their number and date. *Gantt's Digest, sec. 610; Wallis et al. v. Smith, 29 Ark., 354; Loftin, Sheriff, etc., v. Watson, 32 Ark., 415.*

No statute fixes any time in which such warrants must be presented to the collector in payment of county taxes, or be barred.

The county court may make an order to call them in, in order to *redeem*, cancel, reissue, or classify them, etc., and if holders fail to bring them in within the time fixed by the order, they are forever barred from deriving any benefit from them. (*Gantt's Digest, secs. 614–16.*) No such order is pleaded in this case.

The cases cited by counsel for appellant apply to ordinary suits upon paper issued by corporations, and have no application to this case.

II. The petition alleged that the warrants tendered the collector were issued pursuant to orders of the county court, and for the legitimate expenses and liabilities of the county, and not in aid of the rebellion. This, the answer of appellee does not controvert, but alleges, in substance, for a second defense, that the warrants were issued during the war, when there was no money in circulation in Columbia county, or the state, but confederate paper, forced upon the state and county by the confederate government. "That the confederate treasury notes passed current for what they

would fetch, and did circulate as currency and the only currency, and the only medium of exchange in said county and state, and that all the financial transactions of said county were had in reference to, and collections made in said currency and no other. That said treasury notes were not then, nor had they been money; all of which plaintiff, at the time he obtained the said county warrants knew. That said confederate treasury notes are not now in circulation anywhere, and are of no value; and were at the time of the issuance of said warrants worth about one-fifth of the value of the present currency, and no more, and defendant offers to take said warrants in full payment of any taxes or dues of said county at said rate of one-fifth of their face value, and no more, because said warrants were never to be paid off and discharged except in said confederate treasury notes," etc.

The notes tendered, like the note in *Roane v. Green & Wilson, 24 Ark., 210,* were payable in "*dollars,*" and in that case a plea that it was the understanding of the parties that the note was to be paid in confederate paper, then circulating, and worth about ten cents on the dollar, was held bad.

Affirmed.