Howell v. Hogins, Collector.

## HOWELL v. HOGINS, COL'R.

1. CONFEDERATE STATES: *Validity of their acts.*
   The acts of the several seceding States, and of their different departments of government relating to their own internal government affairs, and not impairing the authority of the general government, were valid and obligatory.

2. PLEADING: *Contradicting terms of written instrument.*
   An answer alleging that a county warrant, payable in "dollars," was to be paid in confederate money, is bad,

3. COUNTY SCRIP: *Cancellation and re-issue of.*
   Where there is less than three months between the making of an order by the County Court for calling in county scrip for re-issue, and the date fixed by the order for presenting the scrip, an order of the County Court barring that not presented will be void.

4. SAME. *Statute limitations.*
   The County Treasurer is bound to pay off county scrip when presented, and the County Collector to receive it for county taxes, no matter how long it may have been issued

5. SAME. *Tender of for taxes.*
   A tender of a county warrant for taxes for a larger sum than the taxes amount to is good; the tax payer may over pay if he chooses to.

APPEAL from *Pope* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

### STATEMENT.

In March, 1879, Howell filed in the Pope Circuit Court his petition against Hogins, the collector of revenue of the county, alleging that he, the petitioner, was indebted to the county in the sum of fifteen dollars and five cents for taxes levied upon his property to pay the county indebtedness existing at the time of the adoption of the constitution of 1874, as appeared upon the tax books, which were in the hands of the defendant for the collection of the taxes charged upon them. That to pay said tax he had tendered and offered to pay to said collector a county warrant for the sum of one hundred and twenty-five dollars duly issued by the Clerk of the County Court on the thirteenth day of of August, 1873, and had also tendered in payment of all other State and county taxes charged against him, the full amounts in currency and proper State and county scrips; but that said collector refused to accept said county warrant in payment of said tax for which it was offered. Prayer, that he be compelled by mandamus to accept the warrant in payment of said tax.

To this petition the defendant appeared and answered:

1st. That at the time said warrant was issued, the State of Arkansas was in rebellion against the government of the United States and had no legally organized government or courts. That there was no lawful County Court in Pope county authorized to allow any claim against the county, or to issue any county warrants, and that the clerk who issued it was only a pretended clerk and had no authority in law to issue it.

2nd.    That the county was not bound by any warrant issued prior to the ninth day of March, 1874, because the county board of supervisors of the county did, on the third Monday in July, 1873, in pursuance of law, make and cause to be duly published, an order requiring all scrip and county warrants previously issued by the county clerk, to be filed with the clerk of said board on or before the first Monday in October, 1873.    That at the meeting of said board on the first Monday in November, 1873, further time was given to present outstanding scrip for re-issue until the first Monday in January, 1874, and it was ordered that all warrants and scrip not then presented should be forever barred, and the collector was forbidden to receive the same for taxes or any other demand then or ever afterwards to become due against the county.    That on March ninth, 1874, said court again extended the time for presenting outstanding scrip or warrants against the county, until the first Monday in July, 1874, and again ordered that all county scrip and warrants not then presented should be forever barred and held null and void.    That all said orders and calls were duly and fully advertised as required by law, and that the pretended warrant tendered by the petitioner in payment of said tax, was never presented in pursuance of said orders, and the same is now null and void.

3d.    He pleads the Statute of limitation of ten years, and

4th.    That the services for which the warrant was issued were based upon confederate money, and the warrant was issued to be paid in confederate money, and was therefore illegal and void.

The petitioner demurred to the answer.

The court overruled the demurrer, and holding that it reverted to the petition, which was considered insufficient, dismissed the petition and the petitioner appealed.

*H. C. Howell*, appellant, *Pro se.*

In support of acts of the court during the war cited *Berry* v. *Bellows*, 30 *Ark.*, 204; *Hawkins* v. *Filkins*, 24 *Ark.*, 288.

The orders calling in the scrip were not applicable to this warrant, and were also null for want of due notice. *Gantt's Dig.*, sec. 615; *Allen* v. *Blankstown*, 33 *Ark.*, 740.

Statute of limitation does not apply for or against the State unless it is embraced by express words; 10 *Ark.*, 67; *1st Black. Com.*, 247; 18 *John.* (*N. Y.*) 228; *4th Am. Repts.*, 430; 11 *Ark.*, 148; and this policy includes counties, 24 *Am. Repts.*, 219. Besides the Statute applies to suits and not provisions for receiving the scrip.

The warrant not based on a confederate money consideration.

HARRISON, J. That the acts of the several States which attempted to secede from the Federal Union, and their different departments of government during the war, relating to their respective affairs and internal government, and not impairing or tending to impair the authority of the national government, were valid and obligatory, is too well and authoritatively settled now to be called in question. *Hawkins* v. *Filkins*, 24 *Ark.*, 286; *Hendry* v. *Cline*, 29 *Ark.*, 414; *Berry* v. *Bellows*, 30 *Ark.*, 198; *State, use, &c.* v. *Brown, Ib.*, 761; *Texas* v. *White*, 7 *Wall*, 700; *City of Richmond* v. *Smith*, 15 *Wall*, 429; *Horn* v. *Lockhart*, 17 *Wall*, 570.

1. CONFEDERATE STATES: Validity of their acts.

The warrant tendered, which was in the usual form, and that prescribed by the statute, was payable in *dollars*, without designating any kind of money, and the objection that it was payable in confederate money, was therefore not tenable, as held in *Roane* v. *Green & Wilson*, 24 *Ark.*, 210, and *Daniel* v. *Askew*, 36 *Ark.* 487.

2. PLEADING: Contradicting terms of written instrument.

8—37

Warrants issued on or prior to the twenty-fourth of July, 1863, were not called in or required to be presented for reissuance by the order of July, 1873, but the call was in terms restricted to those of a subsequent date ; consequently that in controversy was not barred because not presented within the time limited.

3. COUNTY SCRIP: [Cancellation and reissue of. The time given by the order for the presentation of those called in, was less than three months, when the statute requires the time in which the warrants should be presented fixed in the order, to be at least three months from the date of it. *Section* 614 *Gantt's Digest*. The order was therefore invalid. *Fry, Collector* v. *Reynolds*, 33 *Ark.*, 450.

And if the orders subsequently made, extending the time for presentation, may be regarded as new calls, and as to all warrants previously issued, as from their language possibly might have been intended, though such orders can not be made oftener than once in every three years, they also, for the same reason, were invalid, and the warrant held by the appellant was barred by none of the calls.

4. SAME: Statute of limitation. There is no time fixed by law in which county warrants must be presented to the Treasurer for payment, or paid to the Collector for taxes, or be barred ; but if never barred by a call for reissuance, they must be paid by the Treasurer if he have funds on hand, or received by the Collector for taxes when presented or offered, no matter how long they may have been outstanding. *Daniel* v. *Askew*, 36 *Ark.* 487.

5. SAME: Tender of for taxes. The warrant called for a much larger sum than the amount of the tax for which it was offered in payment, but the appellant was entitled to pay the tax with it and remit, as it appears he proposed to do, the excess.

The writ of mandamus should have been granted.

The judgment of the court below is reversed and the cause remanded.