WALLIS et al. vs. SMITH.

1. TAXES: COUNTY AND DISTRICT SCHOOL: *In what funds payable.*
   The orders of school trustees are receivable for the school tax of the district for which they are issued, but not for county taxes. And county warrants are receivable for all county taxes, whether for ordinary or special purposes, and for interest on county bonds issued under an act of the legislature, approved the 23d of July, 1868, but not for the district school tax which is strictly local and assessed only on the property of the district for which it is levied.

2. — *County bonds not receivable for.*
   The bonds of a county issued under the act of July 23, 1868, are not receivable for taxes.

APPEAL from *Sevier* Circuit Court.
Hon. E. J. SEARLE, Circuit Judge.
*Gallagher & Newton*, for appellants.
*Dick Gantt, contra.*

HARRISON, J.   William M. Wallis, Wash. Wallis and other tax payers of Sevier county, applied to the circuit court of said county, at the February term, 1870, for a mandamus against Jehiel B. Smith, the collector of taxes of said county, to compel him to receive county warrants; bonds of the county issued under the provisions of the act entitled " an act to authorize the funding of a floating debt in certain cases," approved July 23, 1868; the interest on said bonds, and the

orders of school trustees on the county treasurer, in payment of the county tax for ordinary purposes; other county taxes and the special school tax levied by the county court for the year 1869, and charged against them on the tax books; all which had been tendered to and refused by the said collector. The court sustained a general demurrer to the petition, and refused the mandamus, and the petitioner appealed.

For what purpose the county taxes, other than for ordinary county purposes, was levied, is not shown. Exhibits are referred to which do not appear in the record, which, perhaps, aided the statement in the petition and made the same explicit and plain. It is, however, obvious that they could have been levied only for such special purposes as are authorized by law; as for the repair of roads, the erection of public buildings, the payment of interest on bonds, etc.; all of which, though special, are none the less county taxes, and on the same footing with the tax levied for ordinary county purposes, as held in *English v. Oliver, Coll.*, 28 Ark., 317, and payable in county warrants or state treasurer's certificates. Most likely a part of these special taxes was levied to pay interest on bonds of the county, issued under the provisions of the act before referred to, but the act does not require such tax to be paid in currency, or make any exception in regard to its payment, nor is there any law making them receivable for taxes.

It does not appear in what form the interest was offered, whether in coupons or merely as a credit to be indorsed on the bonds; and the statement of such offer is too vague and indefinite to show a tender of the same, and we shall therefore express no opinion in regard to that matter.

We understand the special school tax mentioned, to be that which the court was required to levy for the several school districts, for the maintenance and support of schools therein,

for no other could have been legally imposed. Such is, in no sense, a county tax, but strictly local, assessed only on the property of the district for which . it is levied. School districts are expressly declared by the school law to be bodies corporate, and, as such, capable of holding property, of contracting, suing and being sued, and having for the object for which they were created — the maintenance and support of schools — a revenue of their own. The collector could not, therefore, be compelled to receive county warrants for the district school taxes, nor trustees' orders for county taxes. Whether trustees' orders are receivable for the school tax of the district for which they are issued is a question of more difficulty. Section 88 of the revenue act of 1869, under which the taxes of that year were levied, says that the collector "shall receive county warrants in payment of county taxes ; the orders or warrants that may be payable on presentation of any township, town or city, for their respective taxes, and the warrants of the auditor of state, or the treasurer's certificates of indebtedness, for state taxes." It will be noticed that no mention is made of school districts or trustees' orders, whilst townships are named, which have neither taxes nor power to draw orders or warrants, and have no corporate capacity whatever. It is therefore apparent that the provisions, that the orders or warrants of a township shall be received for its taxes, taken literally, has no sensible meaning, and can have no effect. It then must mean something other than its language literally implies ; and if we can ascertain that intention, it must prevail over the literal sense. 1 Kent Com., 510.

The provision we have quoted was clearly intended to apply to all taxes, of whatever kind, which might be levied, and all are expressly mentioned except the district school tax.

If we, for township, which, in the connection it is, taken

literally, has no meaning, read district, the sense of the sentence is clear and consistent with the context and subject matter of the provision; but without resorting to such interpretation and rejecting the word entirely, the intention of the legislature that the provision should apply to trustees' orders as well as other orders and warrants is very clear, because the reason for making them receivable for the school tax is as apparent and strong as for making county warrants receivable for county taxes, or city or town warrants for city or town taxes; and when the expression in a statute is special or particular, but the reason is general, the expressions should be deemed general.   1 Kent Com., 510; *People v. Utica Ins. Co.*, 15 Johns., 380; *Whitney v. Whitney*, 14 Mass., 88; *Woodruff v. The State*, 3 Ark., 285; *Wilson v. Biscoe*, 11 id., 44; *Mason v. Finch*, 2 Scam., 222.

We are therefore of the opinion that the orders of school trustees are receivable for the school tax of the district for which they are issued, and county warrants for all county taxes, whether for ordinary or special purposes, and that the court below erred in not granting a mandamus to compel the collector to receive them for the same, and its decision is reversed and the cause remanded to it, with the instruction to issue a peremptory mandamus to said collector to receive the said warrants and orders for the said taxes.