WHITTHORNE V. JETT.

COUNTY SCRIP: *Statute of Limitations.*

The bar of the statute of limitations can not be pleaded to a petition for mandamus to compel a county collector to take county scrip for taxes.

APPEAL from *Chicot* Circuit Court.

Hon. T. F. SORRELLS, Circuit Judge.

For the facts of this case, see page 141.

*Rose,* for appellant:

A county may plead the statute of limitations to a suit on its bonds or warrants. *Dillon on Mun. Corp., sec. 533, and note 4 to sec. 405; Perry v. Parish of Vermillion, 21 La. Ann., 645; Baker v. Johnson Co., 33 Iowa, 151; De Cordova v. Galveston, 4 Texas, 470; Amy v. Dubuque, 98 U. S., 470.*

The warrants are unsealed, and are barred. The indorsement, signed by the County Judge, is not sufficient to take the case out of the statute. (*4 English, 455; 5 ib., 110; 12 Ark., 762; 22 ib., 217; ib., 540.*) The statute runs from the date of the instrument, no notice whatever being taken of the registration. *Baker v. Johnson Co., 33 Iowa, 151; 12 Ark., 762.* See, also, *Roscoe v. Hale, 7 Gray, 274; Stoddard . v. Docene, ib., 387; Richardson, v. Thomas, 13 Gray, 381; Georgia Ins. Co. v. Ellicott, Taney's Cases, 130; Harmon v. Claiborne, 1 La. Ann., 342.*

*D. H. Reynolds,* for appellee:

County scrip is *to bearer,* and not payable at a *fixed time,* and in these respects like bank notes, and should be governed by the same rules. Bank notes are not subject to

the running of the statute of limitations. *Morse on Banks,* etc., *p. 403-4.*

Scrip is receivable for all dues, etc., to the county, without regard to *date* or number (*Gantt's Digest, section 610*), and this is a continuing guarantee that it will be so received. (*12 Ark., 729-818.*) On scrip the statute does not begin to run until payment is denied (*Dillon on Corp., 412, n.*), and denial can only be made by the County Court, not by an officer. *4 Cent. L. J., 166; Gantt's Digest, secs. 1037-8, and 610.*

On county paper, payable at a *fixed time,* the statute will run (*Dillon on Corp., 406, note*), but county scrip does not occupy such position. *25 Ark., 266.*

Scrip may be called in, etc. (*Gantt's Digest, 614-15-16; Act Feb. 29, 1875*), and reissued by indorsement. Such indorsement would relieve it from the general statute. (See notes to *section 4134 Gantt's Digest.*) If a call under the statute will act as a special bar, then the general statute of limitation will not apply to scrip. *30 Ark., 517 ; Gantt's Digest, section 4145.*

SMITH, J. When this case was here before, a decision was rendered at the November term, 1879, which established the validity of the county warrants tendered to the treasurer in redemption of forfeited lands. See *Jett v. Whitthorne,* to be published in the same volume of Reports with this opinion.

After the mandate was sent down, the treasurer further pleaded the statute of limitations. It has been settled in *Daniel v. Askew, 36 Ark , 487,* and in *Howell v. Hogins, 37 Ark., 110,* that the bar of the statute can not be pleaded to a petition for mandamus to compel a revenue officer of the county to take county scrip for taxes.

Affirmed.

NOTE.—The opinion referred to above, and which was delivered when the case was here before, but not reported, is as follows:

EAKIN, J. Appellant, Jett, petitioned the Chicot Circuit Court, to compel the County Treasurer to take, in redemption of lands which had been forfeited in 1878 for the taxes of 1877, certain county warrants or scrip drawn by the clerk in November, 1869, in favor of Mrs. A. M. Tilghman, executrix, or bearer, payable out of any money in the county treasury, appropriated for county bonds. On the first of December following, they were indorsed by the treasurer, "not paid, for want of funds," and across their face was marked, over the signature of the County Judge, "Registered October 4, 1875." The necessary proportions of State scrip and currency were tendered the treasurer with said warrants. The petition alleges that they had been presented to the County Court, in pursuance of a previous order calling in the outstanding scrip of the county, and signed as aforesaid, across the face, by the County Judge, and returned to the holder, as valid and subsisting debts against the county. Further: That the Chicot Circuit Court, at the October term, 1872, on appeal from the County Court, in a proceeding to enjoin this and other scrip issued in favor of said Mrs. Tilghman, from being circulated and received for county dues, refused so to enjoin them, and prohibit county officers from refusing to receive them. From this decision no appeal had been taken, and since that time large amounts of such scrip has been received by county officers, and this scrip has been registered and put forth as aforesaid, as valid.

Copies of the warrants are exhibited with the refusal, in writing, of the treasurer to receive the same. The last shows the tender of the money, State scrip, and county scrip in sufficient amounts, and that the treasurer refused

to receive the said county warrants, because he had been warned and prohibited by the County Judge from taking any of the "Tilghman scrip" for any debt due the county.

The treasurer answered, showing: That the warrants presented had been issued to Mrs. Tilghman, in payment of bonds issued to the *Mississippi, Ouachita and Red River Railroad,* for subscriptions to stock, out of the internal improvement fund of the county; that when she presented to the county, for allowance, her claim based on said bonds, a suit against the county upon the same bonds was pending in the Supreme Court of the State, upon the final hearing of which suit the Supreme Court held that the county was not liable in her corporate capacity for their payment, and that the allowance of these warrants, presented for taxes, were made upon bonds so held not to be obligatory on the county.

He sets forth an order of the County Court, of the sixth day of July, 1878, authorizing the County Judge to employ counsel, to take steps by injunction, or otherwise, to protect the treasurer and collector from receiving for taxes or other county dues, any of the warrants issued to Mrs. Tilghman, and that he was notified by the judge that if he received any of such warrants it would be at his own risk. He says the warrants tendered do not constitute a valid and subsisting claim against the county, and denies the authority of the County Court to cause the payment of a claim it had no authority to contract.

He says further, that various suits had been commenced on these warrants, and similar ones, in the Federal Circuit Court, and non-suits had been taken to avoid a judgment against their validity.

A demurrer to the answer was overruled, the mandamus denied, and petitioner appeals.

The pleadings in this case are very loose and defective. The judgments of the courts, on both sides, are not pleaded

with the fullness and precision, nor supported by such exhibits, as should have been required. They came, however, rather within the class of matters defectively pleaded, than of matters omitted of which the court can take no cognizance; and, in the absence of any notice to make them more precise and definite, we must make the best of them. The true merits of the Code Practice can not be fairly tested until attorneys insist upon definite and precise allegations of all substantial matters on the part of their opponents, and the Circuit Courts encourage applications for the purpose, to be made in apt time.

The petition presents the case of good county warrants, receivable for county dues, presented in discharge of such dues, to the county treasurer. It is *prima facie* his duty to receive them, in which he has no legal option. If he should refuse, it is at his peril; although if, assuming the onus, he should be able to show that they are not really valid warrants, he will not be compelled by mandamus to take them. The demurrer to the response of the treasurer raises the question whether the matters set up, if true, defeat the application.

It is alleged that the warrants were issued in payment of bonds issued to the Mississippi, Ouachita and Red River Railroad, " for subscription of stock to the said railroad, out of the internal improvement fund of said county."

By a general law, then in force, the county was empowered to *subscribe* the internal improvement fund for railroad stock, but not to issue the bonds of the county upon the county credit. (*English & Wilshire v. Chicot County, 26 Ark., 454.*) That case does not go to the extent of holding that the county might not have issued bonds on the faith and security of the internal improvement funds alone,—only that the county could not issue such bonds as would be a burden on the tax-payer. It is alleged that these bonds are

the same which the Supreme Court held invalid in that case, but it is not shown what sort of bonds they were, nor that Mrs. Tilghman was a party to that suit. We can not, on demurrer, look for facts into the records of other cases decided here. But conceding the bonds to have been invalid, and that Mrs. Tilghman, or the petitioner in her right, is bound thereby, it does not follow that the subscription of stock to the railroad was invalid, or that warrants might not have been issued in lieu of the bonds, upon the original consideration. The petitioner is well supported in this position by the cases cited. See *Little Rock v. National Bank, 98 U. S., 314; Hitchcock v. Galveston, 96 U. S., 350.*

Of course it will not be seriously contended that the order of the County Court to employ counsel to enjoin defendant from receiving these warrants, or the notice of the County Judge to the defendant, not to receive them, form grounds of defense. The same may be said of the non-suits suffered in the Federal Court. This would be to make possible judgments effective in advance, and non-suits conclusive as *res adjudicatæ.* The answer did not show cause against the mandamus, and the demurrer should have been sustained.

Reverse the judgment and remand the cause, with directions to sustain petitioner's demurrer to the answer, and to give leave to respondent to answer further if so advised.