## MURPHY V. SMITH.

TAXES: *Redemption of land sold for: Payment to be in legal tender coin, or treasury notes of United States.*

Under section 5775 of Mansfield's Digest the amount paid to the County Treasurer to redeem land sold for taxes, must be in the coin or treasury notes of the United States, made legal tender by acts of Congress; and where the Treasurer tenders to the purchaser at a tax sale, part of the amount received for redemption, in money, and part in county scrip, and refuses full payment in money, he may be compelled by *mandamus* to make such payment.

APPEAL from *Desha* Circuit Court.

J. A. WILLIAMS, Judge.

At a sale of lands for non-payment of taxes due thereon for the year 1883, made by the Collector of Desha county, on the 28th day of April, 1884, appellant, James Murphy, purchased certain lands, for which he paid $11.50, and upon paying the further sum of 25 cents collector's fee, he received a certificate of purchase, particularly describing the several tracts of land so purchased, and specifying the amount of taxes, penalty and costs severally due upon each tract. Afterwards, on the 21st day of January, 1885, he paid the State, county, district, school and other taxes assessed upon said lands for the year 1884, amounting to the sum of $8.80, and received the receipt of the Sheriff and Collector of said county for said sum. On the 3d of June, 1885, Messrs. Tillar ·and Stanley, for benefit of proper owner, redeemed said lands from said appellee as such County Treasurer, and received from him, as such Treasurer, a receipt therefor; which receipt on said 3d day of June, 1885, was filed in the office of the County Clerk of said county, and said County Clerk thereupon cancelled on the record of sales of land for delinquent taxes, the sale so made to appellant. Upon hearing that said lands had

been redeemed, appellant presented to appellee his said certif-icate of purchase, and said tax receipt for taxes so paid for the year 1884, and demanded of said appellee, as such County Treasurer, an amount of money equal to the taxes for which said several tracts of land had been sold, together with penalty and costs, and said taxes so subsequently paid thereon, with interest thereon at 10 per cent per annum on the whole amount so paid, up to said 3d day of June, 1885, the date of said re-demption, amounting to the sum of $22.13. On said demand being made, the appellee, as such Treasurer, tendered to ap-pellant the sum of $15.54 in money, and the sum of $6.59 in scrip or warrants of said Desha county, which tender of $6.59 in Desha county scrip or warrants appellant refused to receive. At the trial in the court below, the appellee appeared in per-son; filed no answer or demurrer; made no defense; contro-verted none of the allegations of the petition, thereby admit-ting the truth of every allegation; but the court below, upon examination of the petition and exhibits, found that the peti-tion did not state facts sufficient to entitle appellant to the relief claimed, to-wit: that a writ of *mandamus* should issue commanding appellee to pay to appellant an amount of money equal to the taxes for which said several tracts of land were sold, together with the penalty and costs thereon, and taxes subsequently paid thereon, with interest at 10 per cent. per annum on the whole amount so paid from date of said several payments up to said 3d day of June, 1885, the date of redemp-tion, or any relief, and dismissed the petition.

*James Murphy* for appellant.

The only question is, what construction is to be placed on the word " money " in sections 5775–6, Mansfield's Digest. See definition of " money " by Webster and Bouvier.

Where there is no ambiguity in a statute, courts construe it according to the plain meaning and literal interpretation. *M.*

*&. I. R. R. R. v. Adams, 47 Ark.,—; 11 Ark., 44; 5 id., 536; 40 id., 344.*

County scrip is not money. *40 Ark., 344; 36 id., 577.*

. BATTLE, J. Section 5775 of Mansfield's Digest, which governed the redemption of the land purchased at tax sale by appellant, reads as follows: "Any owner, or his agent, or any other person, for the owner, desiring to redeem any land, town or city lot, or part thereof, sold for taxes under or by virtue of any law of this State, may, within the time limited by law for such redemption, deposit with the County Treasurer, upon the certificate of the Clerk of the County Court particularly describing such land or town or city lot, an amount of *money* equal to the taxes for which said land or town or city lot was sold, together with penalty, cost and the taxes subsequently paid thereon by such purchaser, or those claiming under him, with interest at the rate of 10 per cent per annum on the whole amount so paid."

Under this section land sold for taxes can only be redeemed by the payment of money. In the absence of other words in the context controlling the meaning of the word "money," or showing in what sense it is used, we ·understand it to mean that which is legal tender for the payment of debts. *Graham v. Adams, 5 Ark., 261; Wilburn v. Greer, 6 Ark., 255; Burton v. Brooks, 25 Ark., 215; Hanauer v. Gray, 25 Ark., 350; Wells v. Coles, 27 Ark., 603; Block v. The State, 44 Texas, 620; Butler v. Horwitz, 7 Wal., 258; Bishop on Statutory Crimes, sec. 346 and ·authorities cited.* The amount paid to the County Treasurer to redeem the land purchased at the tax sale by appellant should have been in the coin or treasury notes of the United States made legal tender by acts of Congress.

The presumption being that an officer has done his duty until the contrary is shown, it is presumed that the land was

redeemed in the manner indicated. Appellant's petition for *mandamus* should have been granted. *High on Extraordinary Remedies, secs. 115, 116a, and authorities cited.*

The judgment of the court below is, therefore, reversed, and this cause is remanded for proceedings not inconsistent with this opinion.