## HILL *v.* LOGAN COUNTY.

### Opinion delivered March 11, 1893.

*County warrants—No limitation against re-issuance.*

> The county court cannot refuse to re-issue county warrants presented in pursuance of an order calling them in, upon the ground that such warrants were not presented within five years from their date, and consequently are not payable out of the county treasury, since they are nevertheless receivable in payment of all taxes and debts due the county.

Appeal from Logan Circuit Court.

HUGH F. THOMASON, Judge.

The county court of Logan county made an order calling in the outstanding warrants of the county for examination, cancellation and re-issuance. In pursuance of this order, John C. Hill presented certain warrants for re-issuance. The court declined to re-issue them, upon the ground that they were barred by the statute of limitation, and ordered that they be cancelled. Upon appeal a similar judgment was rendered in the circuit court. Plaintiff has appealed to this court.

*J. E. Cravens* and *A. S. McKennon* for appellant.

By act of March 18th, 1879, county warrants are receivable for taxes and debts due counties (Mansf. Dig. sec. 1146 ; Act December 14th, 1875) ; and are not barred by lapse of time. 36 Ark. 487 ; 37 *id.* 110 ; 34 *id.* 356. Since the act of February 27th, 1879, providing that counties shall no longer be sued, the statute of limitations cannot run against county warrants. Angell on Lim. secs. 61, 62 ; 13 Am. & Eng. Enc. Law, pp. 736–7, 693, 699 and notes ; 15 Ark. bot. p. 145 ; 42 Ark. 374.

*Anthony Hall* for appellee.

The statute runs in favor of counties. 39 Ark. 262 ; 51 *id.* 524 ; 54 *id.* 168. It begins to run from the date of

delivery of the warrants.    54 Ark. 163 ; 10 Fed. Rep. 888. Appellant could have presented the warrants to the county court for allowance and issuance of new warrants.    Mansf. Dig. secs. 1065, 1412, 1419.    Having failed to do so, they are barred.

HEMINGWAY, J.    Although the warrants presented by the appellant were not payable out of the treasury, having been issued for more than five years before they were presented for re-issuance, they were receivable in payment for taxes and debts due the county.    Mansf. Dig. sec. 1146; *ib.* sec. 1420 ; *Daniel* v. *Askew*, 36 Ark. 487 ; *Whitthorne* v. *Jett*, 39 Ark. 139 ; *Howell* v. *Hogins*, 37 Ark. 110 ; *Crudup* v. *Ramsey*, 54 Ark. 168.    And this function gave them a value to him of which he was deprived by the action of the court in declining to re-issue them and ordering them to be cancelled.    But it was not the purpose of the act providing for calling in county warrants to either abridge or destroy the value or uses of any warrants that were, when presented, of any validity; and in cancelling the appellant's warrants that were originally valid for all purposes and had, when presented, lost only a part of their uses by lapse of time, a result was reached that was never contemplated. There is nothing in the letter of the act directing such action ; and as it is not within the spirit of the act, we think it was erroneous.

The warrants should have been so re-issued as to be receivable for taxes and debts due to the county, but not payable out of funds in the treasury.    Such an order would neither add to nor take from their value or functions at the time of their presentment and would accomplish the purpose of the act by ascertaining and classifying the county's valid indebtedness.

Reverse and remand, with directions to the circuit court to make and certify to the county court an order in accordance with this opinion.