SAINT LOUIS NATIONAL BANK *v.* MARION COUNTY.

Opinion delivered December 5, 1903.

1. COUNTY—ALLOWANCE OF CLAIM.—A county court cannot refuse to allow a judgment against the county on the ground that the county owes other large judgments, and is much in debt, and that the allowance of this judgment will embarrass the county financially. (Page 28.)

2. SAME.—One having a just claim against a county is entitled to have it allowed against the county, and to have county warrants issued thereon in sums that may be used in the payment of taxes. (Page 28.)

Appeal from Marion Circuit Court.

*Elbridge G. Mitchell,* Judge.

Reversed.

*J. C. Floyd* and *J. M. Moore & W. B. Smith,* for appellant.

County warrants are receivable for taxes (Const. art 16, § 10), and have various other commercial values. See also Sand. & H. Dig., § § 1002, 1243. It was the duty of the county to issue the warrants, regardless of the state of its finances. But for the fact that the county court, in addition to refusing to issue the warrants, disallowed the claim and dismissed the petition, mandamus, instead of appeal, would be the proper remedy. 103 Fed. 418.

HUGHES, J. This is an appeal from the judgment of the circuit court, upon appeal from the county court, refusing to allow against Marion county a claim that had been reduced to judgment in the United States circuit court, and to order warrants for the amount thereof upon the treasurer of said county to be issued, and dismissing the cause of the plaintiff or petitioner. It does not appear that there was any intimation or contention that the claim was not just and a legal demand against the county. It seems that the only reason for the disallowance of the claim and refusal to grant the prayer of the petition was that the county owed other large judgments, and was much in debt, and that the allowance of this judgment and the issuance of county warrants for the amount thereof would embarrass the county financially. This was no sufficient reason for the refusal to allow a just claim and to have warrants issued therefor. The petitioner was entitled to have his claim allowed, and when allowed to have warrants for the amount thereof issued upon the county treasury.

County warrants are receivable for county taxes, except for interest on the public debt, and for sinking fund, and are receivable for debts accruing to the county. Const. 1874, art. 16, § 10; Sand. & H. Dig. § 1002; Sand. & H. Dig. § 1243.

The appellant had the same right that other creditors have to have their just claims allowed against the county and county warrants issued thereon, and to use the scrip or warrants in payment of taxes due the county and debts accruing to the county. To deny him this right would be to deprive him of a right secured to him by the constitution and laws of the state.

The principle governing this case was settled in *City of Little Rock* v. *United States,* found at page 418, 103 Fed. Rep., by the

United States circuit court of appeals for the 8th circuit. The question was as to the right of the city to refuse warrants in payment of a judgment against it. It was held that, if the city refused to issue the warrants, mandamus would lie to compel it to do so, and to issue the warrants in such amounts as would enable the holder to use them in paying taxes. The provisions of the constitution and statutes for the issuance of warrants by cities and the use of them in the payment of taxes are the same as the provisions for the issuance of them by counties and use of them in paying taxes.

We think the circuit court erred in refusing to allow appellant's claim against the county, and to order the issuance of warrants or scrip thereon in sums that may be used in the payment of taxes.

Reversed and remanded, with directions to enter judgment allowing appellant's claim.