BARTLETT *v.* WILLIS.

Opinion delivered February 14, 1921.

1.  COUNTIES—REGISTRATION OF WARRANTS AS AFFECTING ACCEPTANCE
    FOR TAXES.—Acts 1917, p. 449, providing for the registration of
    warrants of Johnson County by the treasurer and for their re-
    demption by him in the order of their presentation, does not
    expressly or impliedly prohibit their acceptance by the collector
    in payment of taxes, under Crawford & Moses' Digest, § 1993.

2.  STATUTES—IMPLIED REPEALS.—Repeals by implication are not fa-
    vored unless irreconcilable repugnance exists between the two
    statutes.

Appeal from Johnson Circuit Court; *A. B. Priddy,*
Judge; affirmed.

*Heartsill Ragon,* for appellant.

The court erred in sustaining the demurrer, as act
94 of 1917 is constitutional. The act does not contra-
vene article 16, § 10, of the Constitution. 133 Ark. 90;
77 *Id.* 250.

*Jesse Reynolds and G. O. Patterson,* for appellee.

The act, No. 94 of 1917, contravenes article 16, §
10, Constitution 1874, and the court below so held prop-
erly. The decision is sustained and supported by 133
Ark. 90; 77 *Id.* 250.

McCULLOCH, C. J. Appellee is a taxpayer in John-
son County, and he instituted this action against appel-
lant, who is the tax collector of said county, to compel
the latter to accept county warrants tendered in payment
of taxes levied for county purposes. Appellant refused
to accept the warrants on the ground that he is pro-
hibited from doing so by a special statute in force in
that county. Acts 1917, p. 449.

Appellee contends that the statute in question is in
conflict with a clause of the Constitution which provides
that "taxes of counties, towns and cities shall only be
payable in lawful currency of the United States, or the
orders or warrants of said counties, towns and cities, re-
spectively." Art. 16, § 10.

This statute provides for the registration of county warrants by the treasurer "in the order of their presentation to him by the holder thereof." Section 5 of the statute provides that "warrants properly registered under the requirements of the act shall be redeemable in cash, or at par, by the county treasurer to the credit of the county general fund to meet the same;" and section 6 provides that "county warrants mentioned in section 5 shall be redeemable in the order of their registration, and for this purpose the county treasurer shall number said warrants consecutively in the order registered    *    *    *."

Our conclusion is that this statute does not expressly nor by necessary implication prohibit the acceptance of warrants in payment of county taxes, and that it is not in conflict with the general statute which provides that collectors "shall receive county warrants in payment of county taxes." Crawford & Moses' Digest, § 1993. There is no irreconcilable repugnance between the two statutes, and repeals by implication are not favored unless such repugnancy exists. The special statute now under consideration only provides the order in which county warrants are "redeemable" by the county treasurer. It says nothing about the acceptance of warrants in payment of taxes—a method of honoring warrants expressly recognized in the Constitution and expressly provided for in the general statute. *Worthen* v. *Roots*, 34 Ark. 356; *Stillwell* v. *Jackson*, 77 Ark. 250; *Gould* v. *Davis*, 133 Ark. 90.

The treasurer is the officer who receives and pays out the funds of the county, and the word "redeemable," as used in the statute, must be construed to refer to payments of warrant by the treasurer out of the county funds in his custody. It is unnecessary, therefore, to discuss the constitutionality of the statute in any of its aspects.

Affirmed.