McCALL, COLLECTOR, *v.* ARMSTRONG, TREASURER.

4-5792 137 S. W. 241

Opinion delivered February 26, 1940.

*Pickens & Pickens,* for appellant.

*C. M. Erwin, Jr.,* for appellee.

SMITH, J. Appellant is the sheriff and collector of Jackson county, and in that capacity received warrants issued by various school districts of that county in payment of the taxes due the respective districts. The

warrants had been registered for payment with the county treasurer, but that official refused to receive them from the collector when tendered in settlement of taxes due the districts which had issued the warrants. A complaint was filed by the collector against the treasurer, alleging the facts above stated, and mandamus was prayed to compel the receipt of the warrants by the treasurer, who filed a demurrer to this complaint. The demurrer was sustained, and the cause of action was dismissed, and this appeal is from that judgment.

This cause is controlled by the opinion in the case of *Arkansas Power & Light Co.*, v. *Curlin*, 187 Ark. 562, 61 S. W. 2d 73. In that case, under the authority of § 10045, Crawford & Moses' Digest (§ 13804, Pope's Dig.,) a taxpayer sought by mandamus to compel the collector to receive school warrants in payment of taxes due the school district which had issued them. It was held that this section of the statutes had been impliedly repealed by amendment No. 11 to the Constitution. This holding was upon the theory that amendent No. 11 had authorized the electors of the school districts of the state to vote a school tax for any one or all of three purposes, and that the tax voted for one of these purposes could not be diverted to any of the others, and that the amendment would be contravened and its purposes thwarted if it were required that a school warrant issued for a particular purpose be received in payment of the school taxes generally.

It was said in the Curlin case, *supra*, "This, because, if appellant (the taxpayer) can coerce the collector to accept the warrants in payment of past-due taxes, it would nullify and destroy the constitutional mandate giving to the voters the right to make appropriation of the tax levy." In other words, a warrant is payable in the order of its registration, when all warrants cannot be paid, and is payable out of the proceeds of the tax collected for the purpose for which the warrant in question had been issued.

Following this decision, act 326 was passed at the 1935 session of the General Assembly (Acts 1935, page

950,) which, in its preamble, recited that the opinion in the Curlin case had caused confusion as to the right of taxpayers to pay school taxes with school warrants, and that it was the sense of the General Assembly that taxpayers should have the privilege of paying their school taxes with legally drawn school warrants of the district to which such taxes are due. Following this preamble, § 10045, Crawford & Moses' Digest was substantially re-enacted.

This re-enactment of an invalid statute adds nothing to its validity, and does not free it of the constitutional objection found to it. If § 10045, Crawford & Moses' Digest, offends against amendment No. 11 in the respect stated in the Curlin case, its subsequent re-enactment did not free it of this infirmity.

It is insisted that the subsequent case of *Bradford* v. *Burrow,* 188 Ark. 380, 65 S. W. 2d 554, in effect overruled the Curlin case; but this is not true. The point decided in the Bradford case was (to quote a headnote) that "On redemption of land sold to the state for taxes, the county treasurer is required to accept county warrants for the portion of the taxes owing to the county." After citing a number of cases which had construed this or similar statutes, it was said in the body of the opinion in the Bradford case that "The purport of all these decisions is that a county may not refuse to receive its warrants in payment of any demand due it."

Amendment No. 11 has no application to county general taxes. It relates only to school taxes. Now, while act 326 of the acts of 1935 did not heal the constitutional infirmity of § 10045, Crawford & Moses' Digest, insofar as it relates to the payment of school taxes with school warrants, it does evidence the legislative intent to re-enact so much of § 10045, Crawford & Moses' Digest, as is constitutional; and that portion of act 326, permitting the use of county, city and town warrants to pay the taxes due the counties, cities or towns, respectively, which had issued them, does not offend against amendment No. 11, which, as has been said, relates only to school taxes.

The complaint alleges that the warrants tendered the treasurer by the collector were not in excess of the revenues of the respective districts which drew them for the fiscal years in which they were drawn. The warrants all appear to have been drawn in payment of teachers' salaries, and it was not alleged that the receipt of those warrants by the treasurer would not "nullify and destroy the constitutional mandate giving to the voters the right to make appropriations of the tax levy," nor was it alleged that their receipt by the treasurer would not give them a prior or preferential right of redemption and payment, to which their order of registration did not entitle them.

The judgment of the court below is correct and is, therefore, affirmed.