## DOBSON v. STATE.

### Opinion delivered June 8, 1901.

CONSTITUTIONAL LAW—JURISDICTION OF COUNTY COURT—BASTARDY.—
Act of November 29, 1875, as amended March 17, 1879, providing that the county court shall have exclusive original jurisdiction in bastardy cases, and that "when the case is ready for trial, if the accused denies being the father of such child, the court or judge shall hear the evidence and decide the case as other issues at law," etc., is not void, as conferring upon the county judge, as distinguished from the county court, the authority to hear bastardy cases, in violation of Const. 1874, art. 7, § 28, giving to the county court exclusive jurisdiction in such cases; the words "court" and "judge" in the act being synonymous.

Appeal from Independence Circuit Court.

JAS. W. BUTLER, Special Judge.

#### STATEMENT BY THE COURT.

Thomas Dobson was convicted of being the father of a bastard child at a trial by jury had before the county judge of Independence county. Judgment was rendered against him in favor of the mother of the child for the sum of $12.50 for lying-in expenses, and the further sum of $1.50 per month from the birth of the child until it should attain the age of seven years; and he was ordered to give bond for the payment of such monthly dues and for indemnity to the county as required by statute. The trial did not take place at a regular or adjourned term of the county court, but on a day appointed by the county judge in vacation. Afterwards the defendant filed a petition in the circuit court alleging

that the judgment was void, and asking that the same be quashed. A writ of *certiorari* was thereupon granted by the circuit judge, and a transcript of the proceedings and judgment of the county court was brought before the circuit court for review. But the circuit court, being of the opinion that the judgment of the county court was valid, affirmed the same, and dismissed the petition. Dobson appealed.

*J. C. Yancey,* for appellant.

Under the constitution the county court has "exclusive original jurisdiction in all matters relating to bastardy." Const. art. 7, § 28; act November 29, 1875. The act of 1879 is not constitutional. A *court* is not a *judge,* nor *vice versa.* 158 U. S. 285; 87 Ga. 330; 18 Civ. Rep. 186; 22 Nev. 280. The meeting of the court and officers at a time a place other than that fixed by law was not a *court,* and their acts were *coram non judice.* 2 Ark. 228; 20 Ark. 77; 22 Ark. 123; 22 Ark. 371; 25 Ark. 208; 27 Ark. 353; 32 Ark. 687; 49 Ark. 230; 60 Ark. 155.

*H. S. Coleman,* for appellee.

The act of 1879 is not unconstitutional. *Cf.* 45 Ark. 58; 55 Ark. 387; 61 Ark. 409.

RIDDICK, J., (after stating the facts). The only question raised by this appeal is whether the act of 1879 regulating proceedings in cases of bastardy is a valid and constitutional statute. The constitution of the state gives the county courts exclusive original jurisdiction in all matters relating to bastardy. Const. 1874, art. 7, § 23. The legislature in 1875 passed an act regulating the procedure before the county courts in such cases. Among other matters, this act provided that if a complaint charging any person with being the father of a bastard child should be made before the county judge in vacation, the judge should issue his warrant commanding the officer to have the accused person before the next term of the county court held thereafter. Act November 29, 1875, § 2. The act of 1879 under consideration amended this statute of 1875, and provided that, upon such complaint being filed before the county judge in vacation, he should issue his warrant "commanding the officer to have the person accused before the judge at any time that may be fixed by the judge in said warrant for the trial." Act March 17, 1879, p. 96. It is contended by appellant that this act is void for the reason that it attempts to confer upon the county

judge in vacation, as distinguished from the county court, the right to hear and determine bastardy cases. The language of the act certainly furnishes ground for this contention, and at first thought we did not clearly see how this construction of the statute could be avoided. But further consideration has changed our opinion, and convinced a majority of us that the statute should be upheld.

It is a well known rule that statutes are presumed to be framed in accordance with the constitution, and should not be held invalid for repugnance thereto, unless such conflict be clear and unmistakable. Black, Const. Law, § 35. "In the exposition of a statute it is the duty of the courts to seek to ascertain and carry out the intention of the legislature in its enactment, and to give full effect to such intention; and they are bound, when practicable, so to construe the statute as to give it force and validity, rather than to avoid it or render it nugatory." Cooley, Const. Lim. (6th Ed.), 219.

Now, while it is true that the author of this statute, judging from the language used, does not appear to have had a very clear conception of the distinction between the powers of a judge and a court, yet these words are often used as convertible or interchangeable terms. The judge is sometimes spoken of as the court, and again the court is referred to as the judge. *The Michigan Central R. Co.* v. *Northern Ind. R. Co.*, 3 Ind. 240. It may not be very accurate to use such words in that way, but if this act can be upheld by treating the word "judge" as meaning "court" when the act speaks of a trial before the county judge, and intends that he should exercise the powers of a court, we think it should be done, for in that way the intention of the legislature in enacting the statute can have effect. The legislature clearly had the power to authorize county judges to hold special terms of the county courts for the purpose of trying bastardy cases at such times as might be specified by the judge, and of which the accused and other parties were notified, and this is exactly what the statute under consideration means if we give it the construction above suggested.

That this is a correct construction of the statute appears, we think, from a consideration of the act of 1875 in connection with the amendatory act of 1879. The first section of act of 1875 declares that county courts shall have exclusive jurisdiction of bastardy cases. The act of 1879 does not change this section, and the act as amended still declares that exclusive jurisdiction in such

cases belongs to such courts. It provides for an appeal from a judgment of the county court, not from the judge; thus showing that the legislature was not intending to confer jurisdiction to try cases upon any other than the county court. Though the words "judge" and "court" are used rather loosely in the amendatory act, yet there is language in that act indicating that the legislature intended that such cases should be tried by a court. For instance, section 3 of the act provides that when the case is ready for trial, if the accused denies being the father of such child, the court or judge shall hear the evidence, and decide the case as other issues at law; but if a jury is demanded by the accused, the court shall order a jury to be summoned, who shall be elected, impaneled, and sworn to try the issues joined, and a true verdict render according to evidence, as in other cases at law. If it is found by the court or the verdict of a jury that the accused is the father of the child, the court shall render judgment for lying-in expenses and costs, etc. Act March 17, 1879, § 3. This language shows that upon a finding of guilt "the court" was to render judgment. It is true that, farther on, the same section provides that, if claimed by the mother, the "court or judge" shall render judgment for a monthly support. But this does not justify the courts in annulling the act; for, reading the original and amended act together, it is clear that the object of the legislature in making this amendment to the law of 1879 was not to deprive county courts of exclusive jurisdiction in bastardy cases, but to expedite the trial of such cases. The purpose was in that way to prevent the fathers of such offspring from escaping their share of responsibility, and to compel them to shoulder the burden and pay the necessary expenses without delay.

While the act is not a model, so far as clearness or accuracy in the use of language is concerned, we think it is not void. The effect of the amendatory act, as we feel compelled to construe it, was to authorize county judges to hold special terms of the county court for the trial of bastardy cases on any day named by them of which the accused was notified, and where he has reasonable opportunity to prepare for his defense. In this view of the statute, the judgment of the circuit court was correct, and it is therefore affirmed.

BUNN, C. J., and BATTLE, J., dissent.