FOSHEE *v.* STATE.

Opinion delivered July 11, 1921.

1.  INTOXICATING LIQUORS—MANUFACTURE—INSTRUCTION.—In a prosecution for manufacturing liquor an instruction that if the defendant and others entered into a conspiracy to make some whiskey and built a still, prepared and boiled the mash and placed it in boxes to mature, and that this work was necessary in the manufacture of liquor, then the defendant would be guilty of manufacturing liquor, was erroneous; whether the liquid was intoxicating before it ran through the worm or coil was a question for the jury.

2.  WITNESSES—SELF-CRIMINATION.—Where several persons were jointly concerned in the commission of a crime, and the State called each of them to testify against the others, admission of the testimony of such a witness against himself upon a subsequent trial did not constitute reversible error where no objection was made to its admission.

Appeal from Pike Circuit Court; *James S. Steel,* Judge.

*Pinnix & Pinnix,* for appellant.

Since appellants are accused of making and manufacturing liquor, nothing short of proof that the crime was actually committed in the actual making and manufacturing liquor would be sufficient to justify a conviction. The words "make and manufacture" become descriptive of the offense, and must be proved as charged. 62 Ark. 459; 84 do. 286; 71 do. 415; 64 do. 188; 37 do. 408; 36 do. 178; 16 do. 499; 129 do. 362.

It was a question for the jury whether the words "make and manufacture intoxicating liquors" have a special meaning limiting them to the completed act, and including the preparation for the act. An intended unfinished act is not sufficient upon which to base a prosecution of this kind.

For definition of "manufacture," see, 41 Fed. 326. Nothing was done or occurred to the mash or malt which caused it to be other than a raw unmanufactured article. 141 Ark. 267. The State was bound to prove that the beer or mash had been run through the process of distillation. 60 N. C. 496.

It was error to compel appellants to be witnesses against themselves. 142 U. S. 562; 13 Ark. 307; 80 Fed. 374; 81 Fed. 803; 115 Ark. 390.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants.

HUMPHREYS, J. Appellants were separately indicted, tried and convicted at the March term, 1921, of the Pike Circuit Court, for the crime of making intoxicating liquors, and, as a punishment for the crime, each was adjudged to serve one year in the State penitentiary. From the respective judgments of conviction each has duly prosecuted an appeal to this court. While the facts are somewhat different, the vital question involved in the appeals is the same in all the cases, so the respective appeals will tbe treated in one opinion.

The evidence on the part of the State in the cases of the appellants John W. W. Foshee, in case No. 2518, and Ed Ray, in case No. 2520, tended to show that they manufactured intoxicating liquor at a still near to, and between, the homes of each.

The evidence on the part of each appellant tended to show that he was not interested and did not manufacture intoxicating liquors at said still.

The evidence on the part of the State tended to show that all of the appellants entered into a contract to manufacture whiskey at a still in said county, near the home of appellant George Meyers, on what was known as the "goat pasture;" and that, pursuant to the agreement, a still was set in the pasture, other necessary paraphernalia procured, ingredients obtained and converted into a liquid in the course of the process for making whiskey. At the time of the seizure of the still, paraphernalia and product by the officers, no cap and worm were discovered, and the liquid produced had not been run through the worm.

In all the cases, except No. 2522, in which C. C. Pounds is the appellant, the court, over the objection

and exception of the respective appellants, instructed the jury as follows:

"If you find from the testimony in this case, beyond a reasonable doubt, that the defendant and others entered into a conspiracy to make some whiskey and the defendant and his associates built a still and boxes, hauled them to the still, set and arranged the still, prepared and boiled the mash, then placed it in the boxes to mature, and 'hat this work was necessary in the manufacture of liquor, then the defendant would be guilty of manufacturing liquor, and you will so find."

In the Pounds case, the following additional words were added to the instruction: "And that the malt or beer had become alcoholic or intoxicating to any extent." The effect of these additional words, however, was rendered of no value by the modification made by the court in instruction No. 3, requested by the appellant Pounds. As modified, the instruction conflicted with the instruction given by the court.

The instruction given by the court in each case and set out above was predicated upon the idea that, when the liquid, commonly called beer, is produced in the process of the distillation of whiskey, it will be judicially said that the liquid is an intoxicating liquor, even before the vapor or gas, produced therefrom by the use of heat, passes through a worm or coil. No such presumption can be indulged. In the case of *Lowery* v. *State,* 135 Ark. 159, this court declared as a matter of law that the running of the liquid through the worm or coil once had the effect of producing spirituous or fermented liquor within the meaning of the statute prohibiting the distillation of spirituous or fermented liquors. As to whether the liquid or beer, before such treatment, is intoxicating, within the meaning of the statute preventing the manufacture of spirituous or fermented liquor, was a question for the jury. The instruction given took that question from the jury and was erroneous.

It is contended, however, by the State that the evidence was sufficient to show that appellants John W. W. Foshee, in case No. 2518, and Ed Ray, in case No. 2520, manufactured intoxicating liquor at the still in said county, near to and between their homes. The evidence introduced in behalf of said appellants, in their respective cases, tended to show that they were not interested in and did not manufacture intoxicating liquors at said still. We are unable to say whether the jury convicted them on the evidence adduced by the State, tending to show they made liquor at that still. For aught that can be said, the jury may have acquitted them of that charge and convicted them of manufacturing intoxicating liquors at the still in the goat pasture, under the instruction which, in effect, told the jury that the beer, or liquor produced in the course of the distillation of whiskey before passing through the worm in the form of vapor or gas, was intoxicating liquor, within the meaning of the statute prohibiting the manufacture of spirituous or fermented liquor.

In the course of several of the trials, the State called the co-conspirators to testify against their co-conspirator then on trial, and the testimony given by each was afterward used in the criminal prosecution against him. This did not constitute reversible error in the cases now before us, because the evidence was admitted as against the particular appellant then on trial without objection or exception on his part. For that reason, the contention now made by the several appellants that the court committed reversible error in this regard is not tenable. Should such objection be made in the retrial of the cases, it would be improper to use the evidence given by one against others in a subsequent prosecution against the one testifying. Section 3122 of Crawford & Moses' Digest is applicable to this character of evidence, and is as follows:

"In all cases where two or more persons are jointly or otherwise concerned in the commission of any crime

or misdemeanor, either of such persons may be sworn as a witness in relation to such crime or misdemeanor; but the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the same offense."

For the error indicated, the judgment in each case is reversed, and each cause is remanded for a new trial.