LOGAN *v.* STATE.

Opinion delivered November 14, 1921.

1. CONTINUANCE—TIME OF FILING MOTION.—A motion for continuance which was not made or filed until after the trial had been concluded and the verdict returned, was out of time.

2. CRIMINAL LAW—ADMISSIBILITY OF CONFESSION.—Confessions freely and voluntarily made to officers are not inadmissible because the officers failed to caution defendant as to his right to remain silent and that his statements might be used against him.

3. STATUTES—CONSTRUCTION.—Statutes must be construed in the light of the purpose of the General Assembly in enacting them.

4. INTOXICATING LIQUORS—MANUFACTURE OF MASH—CONSTRUCTION OF STATUTE.—Under Gen. Acts 1921, p. 372, providing that "no mash, wort or wash fit for distillation or for the manufacture of beer, wine, distilled spirits or other alcoholic liquors shall be made or fermented by any person other than a person duly authorized under the laws of the United States to manufacture sweet cider, vinegar, non-alcoholic beverages or spirits for other than beverage purposes", the word "fit" should be interpreted as meaning "intended for," and not as meaning merely adapted to or capable of being used for such purposes.

5. STATUTES—TITLE OF ACT.—The title of an act, while not controlling, may be considered in ascertaining the legislative purpose.

6. STATUTES—CONSTRUCTION.—An act should be so construed that it may be held constitutional, if it is reasonably susceptible of such construction.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*John A. Hibbler,* for appellant.

The verdict was contrary to law and the evidence. A continuance should have been granted. Appellant had no counsel until his present counsel was appointed by the court, and sufficient time was not allowed thereafter to have summons served on necessary witnesses. While a continuance is largely in the discretion of the trial court, this court will not permit an abuse of that discretion. 60 Ark. 521.

The alleged confession should have been excluded from the jury. Appellant was not warned as to statements made by him. The confession was obtained under circumstances which are disapproved in 114 Ark. 472. A promise of leniency to extort a confession renders it an involuntary one and it is inadmissible. 66 Ark. 53.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Inasmuch as appellant did not object or except to any of the instructions, he is in no attitude to complain. 70 Ark. 348; 74 Ark. 566; 70 Ark. 490. Appellant, having failed to request a peremptory instruction of not guilty, can not now complain that none was given. 89 Ark. 300; 95 Ark. 593; 101 Ark. 513; 102 Ark. 588.

The verdict having substantial evidence to support it, will not be disturbed on appeal.    135 Ark. 117; 136 Ark. 385.

The motion for continuance was not presented until after the trial and did not comply with § 1270, C. & M. Digest, and was properly overruled. *Brickey* v. *State,* 148 Ark. 595; 124 Ark. 599; 15 Ark. 252.

Appellant did not exercise due diligence in preparing his case for trial. *Coppersmith* v. *State,* 148 Ark. 597.

The confession was voluntarily made and was properly given to the jury.    34 Ark. 649.    Because appellant was not cautioned by the officers about his statements, does not render the confession incompetent.    114 Ark. 472; 107 Ark. 568.

SMITH, J.    Appellant has been convicted for violating section 1 of Act No. 324 of 1921 (General Acts of 1921, p. 372), which reads as follows:

"Section 1.    No mash, wort or wash fit for distillation or for the manufacture of beer, wine, distilled spirits or other alcoholic liquor shall be made or fermented by any person other than a person duly authorized under the laws of the United States to manufacture sweet cider, vinegar, non-alcoholic beverages, or spirits for other than beverage purposes."

For the reversal of the judgment, it is first insisted that the court erred in refusing to continue the case. It appears, however, that a motion for continuance was not made or filed until after the trial had been concluded and the verdict returned, which was, of course, out of time.

It is next insisted that the court erred in permitting the officer who made the arrest to testify to statements made by appellant at the time which, in effect, amounted to a confession.    Appellant testified that the statements made by him to the officers were induced by fear and by the representation then made that it would go lighter with him to confess, and that he was not cautioned as to his right to remain silent, and that his statements might be used against him.    According

to the officers, the statements of appellant were freely and voluntarily made. The officers admit that they did not caution appellant as to his right to remain silent nor that his statements might be used against him. But the law does not require that this shall be done before such statements are admissible. *Greenwood* v. *State,* 107 Ark. 579; *Dewein* v. *State,* 114 Ark. 472. The court did give proper cautionary instructions on the value and competency of confessions, and it must be presumed that, if the jury attached any weight to the alleged confession, this was done after the finding had been made that the confession was free and voluntary, for such was the requirement of the instruction on that subject.

According to the officers, appellant was caught *flagrante delicto* making whiskey. He ran away at the approach of the officers, and was pursued into a nearby house, and upon the entry of the officers was found lying on a bed feigning to be asleep. He testified that the officers were mistaken in assuming that he was the man seen and pursued by them, as he had been asleep all the afternoon. The jury's verdict has, of course, settled this issue of fact.

This is the first conviction under this act of 1921 which has reached this court. Other sections of that act besides the one copied above make it unlawful to possess a still; to operate a distillery, which is defined; and to manufacture a still worm or still, and providing what shall be accepted as evidence in certain cases, and fixing the punishment for a violation of any of the provisions of the act.

This act must, of course, be construed in the light of the purpose of the General Assembly in enacting it. 2 Lewis' Sutherland, Statutory Construction (2 Ed.) § 456, p. 864; Endlich on the Interpretation of Statutes, § 27, p. 35; § 29, p. 37; Black on Interpretation of Laws. § 30, p. 56; *Empire Carbon Works* v. *Barber & Co.,* 132 Ark. 1; *Doles* v. *Hilton,* 48 Ark. 305, 309; *Gibboney* v.

*Rogers,* 32 Ark. 462, 465; *State* v. *Jennings,* 27 Ark. 422; *Wassell* v. *Tunnah,* 25 Ark. 101; *McKenzie* v. *Murphy,* 24 Ark. 155.

Manifestly, it was not the legislative purpose to make it a felony merely to make a mash, wort or wash out of which it would be possible to manufacture beer, wine, distilled spirits, or alcoholic or fermented liquors; for it is a matter of common knowledge that mashes are quite frequently made out of which such liquors might be made, with no thought or purpose of making such liquors.

We are not controlled by the title of an act in determining its meaning, but we may look to it to ascertain the legislative purpose. The title of this act is, "An Act to Make it an Offense to Set Up or Operate a Distillery in the State of Arkansas, to Provide a Penalty Therefor, and for Other Purposes."

In the practical enforcement of the prohibition law it has been found difficult in many cases to prove that the mash, wort or wash, which was admittedly intended for an illegal use, had in fact reached, in the process of its manufacture, the alcoholic or intoxicating stage. The recent cases of *Graham* v. *State, ante* p. 363, and *Foshee* v. *State,* 149 Ark. 559, together with the cases therein cited, are illustrations of this difficulty. In those cases the jury was required to find, before convicting the accused, that the mash made for an illegal purpose had in fact reached the alcoholic or intoxicating stage of its manufacture. This act of the Legislature was obviously designed to relieve the State of the necessity of making such proof, by making it illegal to make a mash, wort or wash fit for the distillation or manufacture of beer, wine, distilled spirits, or other alcoholic liquor.

But the words, "fit for" must, of course, be interpreted and defined as meaning "intended for" the uses there prohibited, and not as meaning merely adapted to or capable of being used for such purposes.

The first definition of the adjective "fit" given in Webster's New International Dictionary is "1. Adapted to an end, object, or design; suitable by nature or by art; suited by character, qualities, circumstances, education, etc., qualified; competent; worthy." The words, "suitable, appropriate, proper," are given as synonyms of the adjective "fit." And, as distinquished from its synonyms, it is there said that "fit implies adaptation, competence, or (frequently) conformity to a standard."

It must be confessed that the adjective "fit" and the phrase, "fit for" are susceptible of a wider meaning than we have given them; but the purpose of all statutory construction is to ascertain the legislative will, and, in doing so, it is proper to consider the evil against which the legislation is directed. *Empire Carbon Works* v. *Barber & Co.*, 132 Ark. 1, and the other Arkansas cases cited above immediately following this case. And, when thus viewed, the conclusion is reached that the legislative inhibition is against the making of a mash, wort or wash intended as preliminary processes in making distilled, alcoholic and fermented beverages. To give the statute the broad interpretation which would convert into a felony the making of a mash, wort or wash out of which a distilled, alcoholic or fermented liquor might be made, although such was not the purpose for which it had been made, would make the constitutionality of the act very doubtful. It is a settled rule to so construe a legislative act as that it may be held constitutional, if it is reasonably susceptible of such construction. *Commissioners, etc.*, v. *Quapaw Club*, 145 Ark. 279, 283; *Booe* v. *Sims*, 139 Ark. 595; *Dobbs* v. *Holland*, 140 Ark. 398. We think we have given this act, not only a reasonable construction, but the construction which comports with the legislative purpose in its enactment.

As thus interpreted, the act fits appellant's case. Indeed, there can be no question about the use intended of the mash found in the still by the officers, for

whiskey was actually being manufactured. The only real question is appellant's connection therewith; and that question is settled by the verdict of the jury.

Judgment affirmed.