## MILLINER *v*. STATE.

### Opinion delivered September 25, 1922.

INTOXICATING LIQUORS—MAKING MASH FOR FEEDING CATTLE.—Where, under indictment for manufacturing alcoholic and intoxicating liquors, it was admitted that defendant had in his possession mash which contained alcohol but which he testified was intended only for feeding his stock, it was error to instruct the jury that if defendant made a liquor containing alcohol he would be guilty, as the defendant would not be guilty if the mash was intended solely for the purpose of feeding his stock.

Appeal from Sebastian Circuit court, Fort Smith District; *John Brizzolara*, Judge; reversed.

*I. S. Simmons*, for appellant.

*J. S. Utley*, Attorney General, *Elbert Godwin* and *W. T. Hammock*, Assistants, for appellee.

WOOD, J. This is an appeal from a judgment of conviction upon an indictment which in good form charges that the appellant "unlawfully and feloniously did manufacture and unlawfully and feloniously was interested in the manufacture of ardent, vinous, malt, spirituous, fermented, alcoholic and intoxicating liquor."

The testimony for the State tended to prove that on or about the 15th day of January, 1922, officers searched the residence of the appellant in Sebastian County, Arkansas, Fort Smith District, under the authority of a search warrant. They found in his house forty or fifty gallons of mash, took a sample therefrom, which was

analyzed by the State chemist and found to contain 6.63 per cent. of alcohol by volume. One of the officers making the search testified that the appellant showed the witness the barrel containing the mash, and stated that he had made the chock to sell, but had sold none. He decided it was wrong to sell it and refused to sell any. Appellant raked off the top of the liquor with a cup and took a drink and asked the officers to sample it. The mash was well fermented and was ready for use. The officers had information that there was a still at the house of appellant, and they were looking for it. The liquor found was chock beer. Witness looked for something stronger than chock, but found nothing.

The appellant testified that he had a six months' old colt that would not eat dry food. He fed the stuff found in his house to the stock—fixed up this mash for a sick colt and other young stock and fed it to them once or twice a week—did not know it was wrong until the officers came with a search warrant to search for chock beer. He showed it to the officers. The preparation contained corn chops, sugar and water. Witness had on hand from war sugar some brown sugar which was not fit for use. It had worms in it. He put it in the mixture to make sweet mash for the colts. He had fed it to them many times before. Witness did not drink any of it and did not tell the officers that he had done so.

This testimony was corroborated by other witnesses. One of these witnesses testified "that that stuff smelled like corn bread with water over it"; that it was too thick to drink—had to dip it with a cup and it looked more like hominy. After the appellant was arrested the stuff was picked up and fed to the stock.

The court instructed the jury in part as follows:

"1. (a) If you find from the evidence beyond a reasonable doubt that the defendant, J. H. Milliner, in the Fort Smith District of Sebastian County, Arkansas, within three years next before finding of the indictment in this case, unlawfully and feloniously did

manufacture or unlawfully and feloniously was interested in the manufacture of ardent, vinous, malt, spirituous, fermented, alcoholic or intoxicating liquor, it is your duty to find the defendant guilty." And further,

"4. (a) If you find from the evidence beyond a reasonable doubt that the defendant made a liquor from chops, sugar and water, which contained alcohol, you will find the defendant guilty."

The appellant asked the court to instruct the jury as follows:

"1. You are instructed that if you find from the evidence in this case that the mash which the officers testified about in this case was made by defendant and was being used by him to feed his sick colt and was not being made and used by him as a beverage, then your verdict should be for the defendant."

The appellant was indicted and convicted of the crime of manufacturing alcoholic liquors contrary to the provisions of sections 6160 of Crawford & Moses' Digest. There was testimony on behalf of the State sufficient to sustain the verdict, and the court correctly declared the law applicable to the evidence adduced by the State in the above instruction "1 (a)." But the testimony adduced on behalf of the appellant tended to prove that the preparation or concoction which he manufactured was a mash, and although containing alcohol, was not manufactured by him to be used as a beverage, but only for the purpose of feeding his stock, and that same had not been sold by him, nor had he used same, or intended to use same as a beverage; but, on the contrary, that the preparation was manufactured and was being used by him solely for the purpose of feeding his stock. Therefore, the court erred in giving to the jury instruction 4-A. Such instruction, under the testimony, was calculated to confuse and mislead the jury.

Section 1 of act No. 324 of the Acts of 1921 (General Acts of 1921, p. 372) reads as follows: "Sec. 1.

No mash, wort or wash fit for distillation or for the manufacture of beer, wine, distilled spirits or other alcoholic liquor shall be made or fermented by any person other than a person duly authorized under the laws of the United States to manufacture sweet cider, vinegar, non-alcoholic beverages, or spirits for other than beverage purposes.''

Construing the above section, in *Logan* v. *State*, 150 Ark. 486-490, we said: ''But the words, 'fit for', must, of course be interpreted and defined as meaning 'intended for' the uses there prohibited, and not as meaning merely adapted to or capable of being used for such purposes.'' And further (p. 491): ''* * * * * the conclusion is reached that the legislative inhibition is against the making of a mash, wort or wash intended as preliminary processes in making distilled, alcoholic and fermented beverages. To give the statute the broad interpretation which would convert into a felony the making of a mash, wort or wash out of which a distilled, alcoholic or fermented liquor might be made, although such was not the purpose for which it had been made, would make the constitutionality of the act very doubtful.'' See also *Burns* v. *State, ante* p. 215; *Neal* v. *State, ante* p. 324.

If the appellant, as the evidence introduced in his behalf tended to prove, manufactured a mash intended solely for the purpose of feeding his stock and not to be used in making ''distilled, alcoholic and fermented beverages,'' then appellant would not be guilty of the crime charged agaist him in the indictment, and therefore, the instruction No. 4-A of the court, under the authority of *Logan* v. *State, supra,* was erroneous and prejudicial.

For the error in giving such instruction the judgment is reversed and the cause remanded for a new trial.