HALEY *v.* SULLIVAN.

Opinion delivered January 14, 1924.

1. HIGHWAYS—CLAIM FOR PRELIMINARY EXPENSES—VOID ACT.— A claim for preliminary expenses in organizing a road district must be founded on a valid statute.

2. HIGHWAYS—ENCROACHMENT ON COUNTY COURT'S JURISDICTION.— Special act No. 341 of 1920, creating an improvement district to construct a highway between certain towns, the highway to follow as near as practicable the present traveled road between the towns, but empowering the commissioners to build the road "over and along the most favorable and practicable route," conferred authority on them to select a route different from that designated by the act, and was invalid, under Const., art. 7, § 28, for encroaching on the jurisdiction of the county court in matters relating to public roads.

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; reversed.

*Norwood & Alley,* for appellant.

The trial court erred in holding that a contract could only be made with the engineer for preliminary surveys and estimates, and that this does not include such work by the engineer as called for cross-sectioning preparatory to applying for Federal aid. The engineer was entitled to recover the proportionate value of the work done to the whole engineering service to be furnished. 115 Ark. 445. While the contract for the entire work was premature, yet it must be considered as evidence in determining the value of the services rendered. 149 Ark. 476; 151 Ark. 47. Federal aid was necessary to the district, and the work done was necessary, and properly classed as preliminary expenses. 119 Ark. 201.

*Lake & Lake,* for appellee.

Act 321 contravenes art. 7, § 28, of the Constitution, and is void. The Legislature exceeded its authority in authorizing the commissioners to deviate materially from the route as laid out if it was found more favorable to adopt such new route. 89 Ark. 513. Since the act is unconstitutional, no liability rests upon the taxpayers to pay for anything that was done thereunder by Haley and the commissioners. 126 Ark. 416; 122 Ark. 491.

HUMPHREYS, J. There is a direct and cross-appeal in this case.

The direct appeal presents the question of whether the trial court allowed a sufficient amount to J. F. Haley for his services as engineer in making the preliminary survey of the road to be constructed and in estimating the cost of the improvement.

The cross-appeal presents the question of whether act 341 of the General Assembly, approved February 25, 1920, conflicts with § 28, article 7, of the Constitution of the State, by encroaching on the exclusive original jurisdiction of the county court over all matters relating to public roads in the county.

We proceed to a consideration of the latter question because, in the view of the majority, the act is void, which view automatically eliminates the question presented for consideration on the direct appeal. A claim for preliminary expenses in organizing a road district must be founded on a valid act. A void act will not support such a claim.

Section 3 of the act in question is as follows: "Said district is hereby created and organized for the purpose of building, improving and maintaining a public highway from the town of Wicks, in Polk County, Arkansas, eastward to Baker Springs, in Howard County, Arkansas, and to intersect the public highway in Road Improvement District No. 2 in Howard County, Arkansas, at or near said Baker Springs, and which said road shall follow, as near as practicable, the present traveled road from the said town of Wicks to the termini at or near

said Baker Springs, in Howard County, Arkansas. Said commissioners here appointed are empowered, however, to build said road over and along the most favorable and practicable route. Said highway is to be constructed of macadam or such other materials as the commissioners may deem best or suitable, and they are authorized to build such bridges and culverts as may be by them deemed necessary and desirable. Any bridges of the first class built shall be approved by the county court in the county in which such bridge or bridges may be built.''

The constitutionality of the act might be upheld under the rules of construction invoked in the recent case of *Wimberly* v. *Road Improvement District No. 7,* 161 Ark. 79, if it were not for the following clause of § 3 thereof:

''Said commissioners here appointed are empowered, however, to build said road over and along the most favorable and practicable route.''

This clause follows language in the same section similar to language used in § 2 of act 312, passed at the same session of the Legislature, which we construed in the Wimberly case as conferring power upon the commissioners to make immaterial changes only in the Mena-Cherry Hill Road. The sentence or clause quoted is much broader than the language which precedes it, and plainly attempts to confer authority on the commissioners to materially deviate from the present traveled road between the towns of Wicks and Baker Springs by clothing them with power to select a different or new route altogether, if more favorable and practicable than the route designated in the act. The intent of the Legislature was to authorize the commissioners to make these material changes without the consent of the county court, as indicated by the fact that provision was made in the same section to obtain the approval of the county court in case bridges of the first class should be necessary in constructing the improvement. It is true it was not necessary to obtain the consent of the county court to

construct a bridge which constituted a part of the improvement, but this provision, deferring to the wishes of the county court, showed that the Legislature had article 7, § 28, in mind when it enacted the law. Certainly the Legislature would not have deferred to the wishes of the county court in express terms on an immaterial matter and have omitted to do so on a material matter. It would be illogical to say that, by silence, the Legislature intended to defer to the wishes of the county court in important particulars, when in the same section it gave expression to this intent in unimportant matters. It is obvious that the intent of the Legislature was to confer uncontrolled authority upon the commissioners to make material changes in the route designated in the act. The Legislature was without authority to do this.

The decree is therefore reversed, with directions to restrain the commissioners from levying and collecting a tax upon the property described in the act to defray preliminary expenses in the district.

DISSENTING OPINION.

McCULLOCH, C. J. Where the language of a statute is open to two reasonable interpretations, one of which will render it valid and the other invalid, it is the duty of the court to adopt such interpretation as will render the statute valid. This rule of interpretation has been quite frequently announced by this court. *Duke* v. *State,* 56 Ark. 485; *Leep* v. *Railway Company,* 58 Ark. 407; *Dobson* v. *State,* 69 Ark. 376; *Waterman* v. *Hawkins,* 75 Ark. 120; *Stillwell* v. *Jackson,* 77 Ark. 250; *Sallee* v. *Dalton,* 138 Ark. 549; *Booe* v. *Sims,* 139 Ark. 595; *Dobbs* v. *Holland,* 140 Ark. 398; *Commissioners* v. *Quapaw Club,* 145 Ark. 279; *Logan* v. *State,* 150 Ark. 486.

The statute under consideration contains no reference to an approval by the county court of the route selected for the road, but there is no express authority for the commissioners to select a route other than an established public road, regardless of the approval of the county court. This court has frequently decided that the Legislature cannot authorize commissioners of a road

improvement district to make material changes in the route of a road without the consent or approval of the county court, and we should indulge the presumption that, in enacting the statute now under consideration, the lawmakers intended to authorize the commissioners to change the route, subject to the approval of the county court, rather than in defiance of the will of the county court, or without obtaining the consent of the court. In other words, we should presume that the Legislature intended to enact a statute which would conform to the constitutional requirements as declared by this court. I think the point is well illustrated in the case of *Sallee* v. *Dalton, supra.* In that case we had under consideration a statute which created a road improvement district, and contained a provision to the effect that, if any part of the road to be improved "has not been laid out as a public road, it is hereby made the duty of the county court of Randolph County to lay the same out." It was contended that this compelled the county court to lay out the public road selected by the commissioners of the district, and we declared that the purpose was to leave the county court in possession of its constitutional powers in determining whether or not the road should be laid out, and that it was an encroachment upon the jurisdiction of the county court, and in reaching this conclusion we announced the principle which I have stated in the beginning, and quoted Judge Cooley in support of the rule, as follows:

"The duty of the court to uphold a statute when the conflict between it and the Constitution is not clear, and the implication which must always exist that no violation has been intended by the Legislature, may require it in some cases, where the meaning of the Constitution is not in doubt, to lean in favor of such a construction of the statute as might not, at first view, seem most obvious and natural. For, as a conflict between the statute and the Constitution is not to be implied, it would seem to follow, where the meaning of the Constitution is clear, that the court, if possible, must give the statute such a construction as will enable it to have effect." Cooley's Constitutional Limitations, 7 ed. 236.

The Legislature, in the instance now under consideration, described a public road as the one to be improved, but added the provision that the commissioners were "empowered, however, to build said road along and over the most favorable and practicable route." It is a reasonable presumption that the lawmakers intended, in the event of a necessary change in order to select the most favorable route, that the judgment of the county court would be invoked in laying out the new route. This is not a case where the commissioners have attempted to change the route without the consent of the county court. The point was never reached for a change in the route, for the reason that it was determined that it was impracticable to build the road at all, and it became necessary to levy assessments to pay the preliminary expenses which were properly incurred in selecting a route and in determining whether the cost of the improvement would exceed the benefits.

The majority lay stress on the express provision in the statute that bridges of the first class should be approved by the county court, and it is argued that this shows that the framers of the statute did not contemplate the approval of the county court in the selection of the route. It seems to me that the majority have drawn the wrong inference from the provision with respect to bridges. There is no provision of the Constitution requiring the approval by the county court of the construction of the bridge through the agency of the improvement district (*Shibley* v. *Bridge District*, 96 Ark. 410), but the framers of the statute now under consideration deemed it wise to place that matter under the direction of the county court, therefore they put in an express provision to that effect, deeming it, we should assume, unnecessary to place a like provision with respect to the selection of the route, as that was required by the Constitution and needed no legislative direction.

My conclusion is therefore that the statute is not in conflict with the Constitution, and should be upheld.