VEATCH v. STATE.

4693                                                  251 S. W. 2d 1015

Opinion delivered October 20, 1952.

Rehearing denied November 27, 1952.

*D. L. Grace* and *I. S. Simmons,* for appellant.

*Ike Murry,* Attorney General and *George E. Lusk, Jr.,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J.  The appellant, George Veatch, charged by information with first degree murder, was convicted of murder in the second degree and appeals from a judgment sentencing him to imprisonment for five years.

The evidence concerning the homicide itself is almost without dispute.  On the afternoon of November 24, 1951, Veatch was occupying a cabin at the Ozark Tourist Court. Dee Ashford and M. R. Dunn arrived at the tourist court and engaged a cabin for a friend of theirs, Buddy Glover. While Ashford was assisting Glover in getting settled Veatch, noticeably intoxicated, entered Glover's cabin, accused Ashford of owing him fifty dollars, and shot Ashford through the heart with a pistol.

At the trial the defense was that Veatch, as a result of combat experience during World War II, was temporarily insane when he shot Ashford.  While there was some evidence to support this defense, there was much testimony to the contrary.  Dr. R. G. Carnahan, a member of the State Hospital staff, testified that he had examined Veatch and that in his opinion Veatch was mentally competent and responsible at the time of the offense and at the time of the examination.  Another psychiatrist, Dr. Albert Clarke, was called as a witness for the defense and described the symptoms and effects of psychoneurosis, but on cross-examination Dr. Clarke stated that during his three interviews with the accused he observed no symptoms of this malady.  In view of this and other evidence the issue of insanity was plainly a matter for the jury to determine.

It is insisted that the charge should have been presented by a grand jury indictment rather than by information.  We have rejected this contention in several recent cases, e. g., Washington v. State, 213 Ark. 218, 210 S. W. 2d 307, and we adhere to our position.

Several contentions have to do with the admissibility of evidence.  It is contended that a statement made by Veatch to the county sheriff should not have been admitted until there was proof that Veatch had first been cau-

tioned that he might remain silent and that his statements could be used against him. We held to the contrary in *Logan* v. *State*, 150 Ark. 486, 234 S. W. 493. Again, it is said that the court should have admitted certain records that would have shown that the deceased, Ashford, was convicted of drunken driving in 1947 and was divorced by his wife in 1948. The trial court was extremely liberal in permitting Veatch to go far afield in the presentation of his defense, and there was certainly no error in the rejection of proof that had not even a remote bearing upon the unprovoked attack made by Veatch upon Ashford.

It is contended that since Dr. Carnahan testified as a witness for the State, the court should not have permitted the introduction of Dr. Carnahan's written findings as to the accused's sanity. The written report, however, added nothing to the doctor's testimony, and in any event it is made admissible by statute, Ark. Stats. 1947, § 43-1302, although of course the physician must also testify in order to satisfy the constitutional requirement that the accused be confronted with the witnesses against him. Ark. Const., Art. 2, § 10. Hence there was no error. Nor, for the reasons given in *Moore* v. *State*, 184 Ark. 682, 43 S. W. 2d 228, did the court err in refusing to allow counsel for the accused to read to the jury excerpts from various medical treatises.

The motion for a new trial contains other assignments of error, some of which are argued in the brief, but we find none of sufficient merit to warrant further discussion.

Affirmed.